# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Christopher S.,**
**Petitioner Below, Petitioner**

**FILED**

November 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 15-0035** (Mineral County 14-C-50)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher S.,[1] by counsel Nicholas T. James, appeals the Circuit Court of Mineral County's December 19, 2014, "Order Denying Writ of Habeas Corpus." Respondent Marvin Plumley, Warden, Huttonsville Correctional Center, by counsel Shannon Frederick Kiser, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order denying habeas relief is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual Background

In September of 2010, petitioner was indicted on charges of first degree sexual assault, incest, two counts of sexual abuse by a custodian, and first degree sexual abuse. The victim was his ten-year-old biological daughter. In January of 2012, petitioner pled guilty to one count of incest and two counts of sexual abuse by a custodian pursuant to an agreement with the State. The circuit court sentenced petitioner to consecutive prison terms of five to fifteen years and two terms of ten to twenty years each, for an effective sentence of twenty-five to fifty-five years in prison.

Petitioner's charges stemmed from an allegation, made around July of 2010, in which the victim told her mother that petitioner had abused her in April of 2009. The Allegheny County Department of Social Services in Maryland interviewed the victim, which resulted in petitioner's arrest and indictment. The indictments charged petitioner with using his fingers to penetrate the victim's vagina and using his penis to touch the victim's buttocks.

---

[1] Because of the sensitive facts at issue in this case, we do not use petitioner's full last name.

1

Prior to his arraignment, petitioner gave a statement to Corporal Chris Leatherman of the Mineral County Sheriff's Department while detained in Mineral County Detention Center. Petitioner gave a second statement to Corporal Leatherman after his arraignment. Petitioner signed waiver of *Miranda* rights forms prior to each statement. Petitioner did not expressly admit to the charges in either statement, but also did not deny them.

Petitioner's trial counsel, Ramon Rozas, moved to suppress the statements, contending that petitioner did not voluntarily waive his right to counsel. The circuit court held a suppression hearing on June 28, 2011, in which Corporal Leatherman testified and was cross-examined by Attorney Rozas. The court denied the suppression motion and ruled petitioner's statements were admissible.

The circuit court held another hearing on August 22, 2011, to determine whether the child victim would be permitted to testify at trial via closed-circuit television, as was recommended by the victim's psychologist. Attorney Rozas requested more time to review the psychologist's report, which the circuit court granted. The parties appeared for a second hearing on September 21, 2011, at which Attorney Max White temporarily substituted for Attorney Rozas. Attorney White advised the court that Attorney Rozas did not contest the contents of the psychologist's report, but rather argued that the court should decide whether the victim's testimony by closed-circuit television violated petitioner's rights under the Confrontation Clause of the United States Constitution. At the conclusion of the hearing, the circuit court ruled that the victim would be permitted to testify by closed-circuit television and agreed that the jury be instructed on the issue. The court noted petitioner's objections, as voiced by Attorney White, on constitutional grounds.

On the morning of January 18, 2012, the first day of the jury trial, petitioner reached an agreement with the State in which he would plead guilty to one count of incest and two counts of sexual abuse by a custodian, in exchange for the State's dismissal of the remaining charges. The parties were free to argue their respective positions on sentencing. After being properly questioned by the circuit court, petitioner indicated that he understood the ramifications of his plea, agreed that Attorney Rozas had spent adequate time on his case, and entered his guilty plea that morning. The court accepted the guilty plea and scheduled a sentencing hearing for June 12, 2012.

On June 12, 2012, at the start of what was to be the sentencing hearing, the court was advised that petitioner had retained Attorney Nicholas James to move for the withdrawal of the guilty plea on the basis that it was involuntary. Attorney Rozas was unaware that Attorney James had been retained. The court denied the motion to withdraw the plea, noting that in the January proceedings, petitioner (1) was involved in the plea negotiations, (2) had advised the court that he understood his plea, and (3) advised that he was satisfied with Attorney Rozas. The court further noted that petitioner took no action to withdraw his plea for over five months.

The parties appeared for sentencing on June 25, 2012. Attorney Rozas, appearing on petitioner's behalf,[2] argued that petitioner should be given concurrent sentences due to the

---

[2] The briefs do not indicate that petitioner discharged Attorney Rozas upon retaining Attorney James.

minimal amount of contact between the victim and petitioner. The State and the victim's guardian ad litem countered, arguing that the victim had required nearly two years of counseling as a result of petitioner's crimes. The court sentenced petitioner to consecutive prison terms, resulting in an effective sentence of twenty-five to fifty-five years in prison.

On May 5, 2014, petitioner filed a petition for a writ of habeas corpus alleging (1) that his guilty plea was involuntary, (2) ineffective assistance of counsel by Attorney Rozas, and (3) improper denial of his motion to withdraw his guilty plea. The circuit court held an omnibus hearing on December 1, 2014, at which Attorney Rozas testified. Attorney Rozas recounted his pretrial motions, his preparation of the case on petitioner's behalf, his and petitioner's participation in the plea negotiations, and his willingness to go to trial had the parties not reached an agreement. Attorney Rozas recalled advising petitioner that probation was out of the question given the circumstances, but that he could argue for concurrent sentences. Attorney Rozas testified that he was satisfied with the plea deal as agreed-to because petitioner was not exposed to the thirty to one hundred twenty-five year term of imprisonment carried by dismissed charges. By order entered on December 19, 2014, the circuit court denied the habeas petition. This appeal followed.

## Discussion

On appeal, petitioner raises the following two assignments of error: (1) petitioner was denied effective assistance of counsel at all stages of the lower court proceedings in violation of the United States and West Virginia Constitutions; and (2) petitioner's guilty plea was involuntary as a result of the circuit court's violation of Rule 11 of the West Virginia Rules of Criminal Procedure. This Court has previously set forth the standard of review for an appeal of the denial of a petition for a writ of habeas corpus as follows:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

With this standard of review in mind, we turn to petitioner's arguments. As his first assignment of error, petitioner contends that Attorney Rozas provided ineffective assistance of counsel on nine separate fronts. First, petitioner argues that Attorney Rozas failed to adequately prepare his defense because he only met with petitioner twice prior to trial while petitioner was in jail, with the last of those two meetings being held the day before trial was to begin.[3] Second, petitioner contends that Attorney Rozas failed to timely plea bargain by waiting until the night before trial was to begin, which resulted in a rushed decision to tender a guilty plea. Third,

---

[3] Attorney Rozas testified that he visited the jail a third time, which was not documented by the jail.

despite moving to suppress petitioner's statements and appearing at the hearing thereon, petitioner contends that Attorney Rozas failed to advance a prompt presentment and Sixth Amendment arguments. Fourth, petitioner states that Attorney Rozas represented another defendant in the same term as petitioner's indictment who was charged with similar crimes as petitioner. This defendant agreed to plead guilty to three counts of sexual abuse and was sentenced to consecutive terms, and Attorney Rozas should have advised petitioner of this sentence as part of the plea negotiations. Fifth, petitioner states that Attorney Rozas failed to subpoena witnesses for petitioner's trial. Sixth, petitioner argues that Attorney Rozas failed to require the testimony of the psychologist who determined that the victim should be permitted to testify by closed-circuit television, and by doing so, capitulated on this constitutional issue. Seventh, petitioner argues that Attorney Rozas failed to adequately prepare for sentencing by waiting until the day before sentencing to meet with petitioner, resulting in no witnesses being available to speak for petitioner. Eighth, petitioner contends that Attorney Rozas failed to request an evaluation for petitioner to be considered for probation. Finally, petitioner states that Attorney Rozas failed to present mitigating evidence at sentencing.

With respect to our review of a claim of ineffective assistance of counsel, we have held as follows:

> 5. In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

> 6. In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. Pts. 5 and 6, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Upon review of the record on appeal, we find no ineffective assistance of counsel by Attorney Rozas. As respondent argues, Attorney Rozas met with petitioner and discussed potential witnesses; he moved to reduce petitioner's bond; he challenged and vigorously cross-examined the officer who took petitioner's statements; despite not questioning the psychologist who recommended closed circuit victim testimony, he argued the constitutional implications of allowing it, and objected to the court's adverse ruling; he prepared fully for trial; and, perhaps most important, he secured a plea deal whereby petitioner avoided exposure to the most serious charges facing him. Although petitioner challenges Attorney Rozas's failure to subpoena witnesses in petitioner's defense or on his behalf at sentencing, neither the record nor petitioner's brief identifies that any such witnesses existed. Moreover, given the heinous nature of the

4

petitioner's offenses, it was not ineffective for Attorney Rozas to forgo an argument for probation at the sentencing hearing, and instead to hope for concurrent sentences. Accordingly, we cannot find that Attorney Rozas's "performance was deficient under an objective standard of reasonableness." *See Miller, supra.* Petitioner's claim that he was denied effective assistance of counsel is, therefore, without merit.

Petitioner's second and final assignment of error is that his guilty plea was involuntary as he did not fully understand the plea agreement as it related to sentencing. As noted above, the plea agreement did not contain a sentencing recommendation by the State; both parties were free to argue their respective positions on sentencing. We have held that "[a] criminal defendant can knowingly and intelligently waive his constitutional rights, and when such knowing and intelligent waiver is conclusively demonstrated on the record, the matter is *res judicata* in subsequent actions in *habeas corpus*." Syl. Pt. 2, *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975). We have further held that

> [w]hen a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty; 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

Syl. Pt. 3, *id*.

In the present case, Attorney Rozas discussed the plea agreement with petitioner in detail prior to informing the circuit court of the agreement, and indicated that he and petitioner discussed the reality that probation was unlikely. Surely, if petitioner disagreed with his attorney, he would have made an effort to correct him at the plea hearing, but no such effort is noted in the record. Our review of the record demonstrates that the circuit court engaged in the proper plea colloquy, as required by *Call*, and we find no error with respect to the circuit court's acceptance of petitioner's guilty plea.

For the foregoing reasons, we affirm the denial of petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** November 20, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II